UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                  Case No. 24-mj-30412
                                     Hon.
                                     Mag. Judge Anthony P. Patti

ORAL WATSON,

        Defendant.

_____/

## MOTION FOR REVOCATION OF DETENTION ORDER

      NOW COMES the Defendant, Oral Watson, by and through his Attorney, James C. Thomas, of James C. Thomas, P.C., and moves this Honorable Court pursuant to 18 U.S.C. § 3145(b), to revoke the prior Order of Detention issued in this matter, under appropriate conditions. Defendant further requests that this Honorable Court issue an order releasing Defendant on bond pending trial, pursuant to 18 U.S.C. § 3145(b). In support of his Motion, Defendant files an incorporated memorandum and states as follows:

      1. Oral Watson was charged by Complaint, under seal, in the U.S. District Court for the Eastern District of Michigan on September 26, 2024, in Case No. 24-mj-30412, for an offense allegedly committed on or about April 26, 2024, in violation of 18 U.S.C. § 841(a)(1), Possession with Intent to Distribute a

Controlled Substance.[1] Mr. Watson is a United States citizen and was residing with the mother of his daughter in California at this time.

2. On November 19, 2024, Mr. Watson had been arrested on a Complaint in the U.S. District Court for the Central District of California, Case No. 24-mj-06963, and a detention hearing was held in the Central District of California before the Honorable Pedro V. Castillo, U.S. Magistrate Judge. Mr. Watson was ordered preliminary detained, and a detention hearing was conducted thereafter.

3. On November 22, 2024, the detention hearing was held and at that time, Judge Magistrate Pedro V. Castillo ordered Mr. Watson be detained. The detention was based only on the issue of risk of flight. No finding was made that the Defendant posed a danger to the community.[2]

4. Oral Watson's initial appearance here in the Eastern District of Michigan was conducted on December 27, 2024. He was accompanied by undersigned retained counsel and at that time, the Order of Detention from the Central District of California was continued.

5. Since the detention hearing was already held, the proper venue is to appear before an Article II Judge in the Eastern District of Michigan, since it is the Court of original jurisdiction, 18 U.S.C. § 3145(b).

---

[1] See Complaint and docket, US District Court, Eastern District of Michigan, ECF No. 1, filed 09/26/24

[2] See Order of Detention and docket, US District Court, Central District of CA, ECF No. 12, filed 11/22/24

2

6. The above purports to involve a crime with a maximum term of imprisonment of ten (10) year. Since to the charges on their face show a statutory presumption of detention under 18 U.S.C. § 3142(e) in this matter, the Magistrate Judge held that there were no conditions, or combination of conditions, that would assure the safety of the alleged victims or the community. In these proceedings, the Defendant is presumed innocent, 18 U.S.C. § 3142(j). The burden of proof regarding risk of flight is by a preponderance. The statutory presumption is rebuttable. The requested hearing is de novo.[3]

7. Pursuant to 18 USC § 3145(b), Mr. Watson seeks prompt review of the Magistrate Judge's Detention Order before this Honorable Court.

## Factors to Be Considered

8. Counsel agrees that there are conditions upon which this Defendant can be released that would protect against risk of flight or danger to the community. The Defendant is employed, pays his taxes, and has a stable 10-year relationship with the mother of his daughter who he lives with and where he contributes to the support of the family. He has no history of flight or failure to appear. Statistically, the risk of non-appearance of defendants in general, and of this Defendant in particular, is extremely low. Counsel believes the Magistrate Judge went too far and erred in his analysis and caselaw.

---

[3] There may be an issue on the 10-year maximum due to drug quantities and whether the methamphetamine was a mixture.

3

9. A GPS tether with intense monitoring to Pretrial Services can protect against any potential for transgressions of the bond conditions, including contact with witnesses or designated locations.

10. Oral Watson respectfully submits his stable personal environment not only rebuts any statutory presumption of risk of flight but ensures compliance with each and every condition of release. *See, e.g. United States v Barrera-Omana*, 638 F Supp 2d 1108, 1110 (D MN 2009); *United States v Gourley*, 936 F Supp 412 416 (SD TX 1996); and as well demonstrates that "the Government has failed to present sufficient evidence of the facts upon which the Court could base a finding that there is no condition or combination of conditions which would reasonably assure that the defendant would not be a danger to any other person or the community if released," *United States v Robinson*, 820 F. Supp 2d 146, 150 (D MS 2011); Accord: *United States v Eischeld*, 315 F 2d 1033-1036010037 (D AZ 2003); *United States v Gray*, supra, 651 F Supp 437.

11. The transcript of the detention hearing held on December 27, 2024, has been ordered by undersigned counsel.[4]

12. Oral Watson respectfully submits pretrial detention is neither warranted nor appropriate in this case pursuant to the intent of the Bail Reform Act of 1984, 18 U.S.C. § 3142. Defendant requests a de novo hearing pursuant to 18

---

[4] See transcript order form 12/30/24

4

U.S.C. § 3145 at the earliest date available.

13. Pursuant to Local Rule 7.1(A), on December 30, 2024, undersigned counsel sought concurrence from Assistant United States Attorney C. Barrington Wilkins outlining the relief sought herein, but his concurrence was not responded to and is presumed not going to be obtained.

Respectfully submitted,

/s/ James C. Thomas
James C. Thomas (P23801)
Attorney for Oral Watson
12900 Hall Road, Suite 350
Sterling Heights, MI 48313
586-726-1000
jthomas@orlaw.com

Dated:  December 30, 2024

## **CERTIFICATE OF SERVICE**

    I hereby certify that on December 30, 2024, I electronically filed the foregoing Motion for Revocation of Detention Order with the Clerk of the Court, using the ECF system, which notifies all parties/attorneys of record.

                                              /s/ Alida Andrianos  
                                              Alida Andrianos, Paralegal

| AUSA: | Barrington Wilkins | Telephone: (313) 226-9621 |
|---|---|---|
| Special Agent: | Sean Killian | Telephone: (313) 715-7062 |

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.

**Oral Watson**

Case No.   Case: 2:24-mj-30412
Assigned To : Unassigned
Assign. Date : 9/26/2024
USA V. SEALED (CMP)(CMC)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 26, 2024__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute a controlled Substance |

This criminal complaint is based on these facts:
See attached Affidavit

☐ Continued on the attached sheet.

_____
Complainant's signature

Sean Killian, Special Agent FBI
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __September 26, 2024__

_____
Judge's signature

City and state: __Detroit, MI__

Hon. Elizabeth A. Stafford, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Sean Killian, being first duly sworn, hereby depose and state as follows:

### Introduction and Agent Background

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since April of 2022. I am currently assigned to the FBI Detroit Division's Strike Force Group 1. Prior to working for the FBI, I was a police officer for seven years in Indiana. I have participated in and conducted hundreds of investigations involving federal and state violations including, but not limited to, crimes involving illegal drug trafficking, sale, possession, and distribution.

2. The statements contained in this affidavit are based upon my experience as a former police officer and current FBI Special Agent, information provided by police officers, other Special Agents of the FBI, other law enforcement personnel, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all the information known to law enforcement related to this investigation.

3. As explained below, there is probable cause to believe that Oral WATSON (XX/XX/1977) has committed violations of Title 21, United States Code, Section 841(a)(1) Possession with Intent to Distribute a Controlled Substance.

## Probable Cause

4. In the Spring of 2023, a reliable Confidential Human Source (CHS) advised Special Agents with the FBI that Oral WATSON was engaged in narcotics trafficking utilizing shipping services. The CHS had contact with WATSON, but WATSON was unwilling to ship narcotics to the CHS at that time. Agents found WATSON had a felony conviction for Conspiracy to Distribute a Controlled Substance and was on United States Federal Probation until June 21, 2024.

5. In the Spring of 2024, the CHS advised Agents that WATSON was prepared to send the CHS illegal narcotics. The CHS was instructed by Special Agents with the FBI to communicate with WATSON and negotiate the procurement of cocaine and crystal methamphetamine. The CHS recorded multiple phone calls where the CHS negotiated the procurement of one kilogram of cocaine and one pound of crystal methamphetamine. The CHS and WATSON agreed WATSON would send the narcotics to a specific address located in Detroit, Michigan. WATSON advised the CHS the package would arrive in Detroit on April 26, 2024. The CHS knows WATSON to live in California. In one of the Facetime calls between WATSON and the CHS, dated April 19, 2024, WATSON held up a brick sized package to the camera that showed a logo on it reading "ABUELO".

6. On April 26, 2024, at approximately 12:20 PM Agents intercepted a package at a sorting facility that was labeled as being from California and destined

for the pre-arranged address agreed upon between the CHS and WATSON. Agents seized the package with the intention of applying for a search warrant to open it. Agents subsequently submitted an affidavit in support of a search warrant for the package.

7. Shortly after Agents intercepted the package there are several calls between the CHS and Watson in which WATSON states "no good…they stopped it," "I'm like damn like, its just weird like, how…you know what I'm saying?", and "when you look it up it say it on there already…that's why my man said…that just fuck everything up man…I don't know man shits just fucked up man, I've got to pay my man now."

8. On April 29, 2024, United States Magistrate Judge Patricia Morris issued a search warrant for the package.

9. Agents searched the package finding approximately 1.05 kilograms of suspected cocaine and 465.6 grams of suspected crystal methamphetamine inside of the package. The cocaine was packaged in plastic wrap with a label reading "ABUELO." This appeared to be the same logo depicted in the prior Facetime call between the CHS and WATSON.

10. Agents utilized a TruNarc laser scanner on the package appearing to be crystal methamphetamine. The TruNarc scanner indicated the presence of methamphetamine in the package. Agents utilized a TruNarc laser scanner on the

package appearing to be cocaine. The TruNarc scanner indicated the presence of Cocaine HCL in the package.

## Conclusion

11. Based on this information, there is probable cause to believe that Oral WATSON (XX/XX/1977) has committed violations of Title 21, United States Code, Section 841(a)(1) Possession with Intent to Distribute a Controlled Substance.

_____
Special Agent Sean Killian
Federal Bureau of Investigation

Sworn to before me and signed in my
presence and/or by reliable electronic means.

*Elizabeth A. Stafford*
Hon. Elizabeth A. Stafford
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Case No.  24-mj-6963                                Date  November 22, 2024

Title  United States v. Oral Watson

Present: The Honorable  Pedro V. Castillo, United States Magistrate Judge

Krivitsky for Marlene Ramirez                               n/a
Deputy Clerk                                          Court Reporter / Recorder

Attorneys Present for Government:          Attorneys Present for Defendant:
n/a                                         n/a

**Proceedings:**  ORDER OF DETENTION [18 U.S.C. § 3142(i)]

The Court conducted a detention hearing on:

☒ The motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving: drug offense with 10+ year maximum

☐ The motion of the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving:

☒ The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2-3)].

☒ The Court finds that the defendant ☐ has ☒ has not rebutted the presumption under 18 U.S.C. § 3142(e)(2-3) by sufficient evidence to the contrary.

* * *

The Court finds that no condition or combination of conditions will reasonably assure:

☒ the appearance of the defendant as required (as proven by a preponderance of the evidence).

☒ the safety of any person or the community (as proven by clear and convincing evidence).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Case No. 24-mj-6963  Date November 22, 2024

Title United States v. Oral Watson

The Court bases its findings (in addition to any made on the record at the hearing) on the following [18 U.S.C. § 3142(g)]:

- [x] Nature and circumstances of offense charged
- [x] Weight of known evidence against defendant
- [ ] Lack of bail resources or financially responsible sureties
- [ ] No stable residence, employment, or community ties
- [x] Ties to foreign countries
- [ ] Substance abuse
- [x] Nature of previous criminal convictions
- [ ] Previous failure to appear or violations of probation, parole, or release
- [ ] Already in custody on state or federal offense
- [ ] Refusal to interview with Pretrial Services or verify information
- [ ] Unrebutted presumption [18 U.S.C. § 3142(e)(2-3)]
- [ ] Other:

- [ ] Defendant did not oppose the detention request.

In reaching this decision, the Court considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the evidence presented at the hearing, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

| | |
|---|---|
| **Today's Date:** | Monday, December 30, 2024 |
| **Judicial Officer:** | Anthony P. Patti |
| **Court Reporter:** | Digitally Recorded |
| **Case Number (##-#####):** | 24-30412 |
| **Case Title:** | US v Oral Watson |
| **Proceeding Date(s) and Matter to be Transcribed:** | 12/27/2024 Initial appearance/detention hearing |
| **Has this transcript been requested for appeal purposes?** | Motion to Revoke Detention Order |
| **Indicate the status of the ordering party:** | Retained |
| **Transcript requested by:** | James C. Thomas |
| **Name/Firm and Complete Billing Address (include city, state and zip):** | James C. Thomas, P.C. |
| **Phone Number:** | 586-726-1000 |
| **Email Address:** | jthomas@orlaw.com |
| **Preferred Delivery Schedule** | 14 Days |
| **Delivery Information (select all that apply to this order)** | PDF Format |